## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**Adil Nikhil Patel**
**13300 Keener Road**
**Hagerstown, MD 21742**

**Nikhil Babubhai Patel**
**13300 Keener Road**
**Hagerstown, MD 21742**

*Plaintiffs*

v.

Civ. No.:   1:26-cv-883

**Joseph B. Edlow, Director**
**U.S. Citizenship and Immigration Services**
**5900 Capital Gateway Drive, Mail Stop 2120**
**Camp Springs, MD 207046**

**Shapel K. Leet, Field Office Director**
**U.S. Citizenship and Immigration Services**
**3701 Koppers Street**
**Baltimore, MD 21227**

**Kristi Noem, Secretary**
**U.S Department of Homeland Security**
**2707 Martin Luther King Jr. Avenue, SE**
**Washington, DC 20528,**

*Defendants.*

_____

## COMPLAINT AND PETITION FOR HEARING ON FORM I-130, PETITION FOR ALIEN RELATIVE

The Plaintiffs, Adil Nikhil Patel (hereinafter "Plaintiff A"), and Nikhil Babubhai Patel (hereinafter "Plaintiff B"), through undersigned counsel, file the instant action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1361, and allege:

## I.    INTRODUCTION

1. This is an action seeking a hearing in this Court on Plaintiff A's Petition for Alien Relative (Form I-130) on behalf of his father, Plaintiff B, without further delay.

2. Plaintiff A properly filed Form I-130, Petition for Alien Relative, on behalf of his father, on July 24, 2024. Plaintiff A's Form I-130 remain within the jurisdiction of the Defendants, who have improperly withheld adjudication on the applications for an unreasonable period of time, to the detriment of the Plaintiffs.

3. Plaintiffs therefore file this lawsuit in order to ensure the I-130 Petition for Alien Relative, filed by Plaintiff B on behalf of his father, is promptly adjudicated, and that Nikhil Babubhai Patel may obtain permanent residence based on the I-130 Petition.

## II.    JURISDICTION AND VENUE

4. This action arises under 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (mandamus action to compel an officer of the United States to perform his duty).

5. Under 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

6. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) of the Administrative Procedures Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable amount of time. 5 U.S.C. § 555(b) provides that "with due regard for the

convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." *Id* (emphasis added).

7. If the agency fails to render a decision within a reasonable time, the Court has the power to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform actions "unlawfully withheld or unreasonably delayed").

8. Venue is conferred pursuant to 28 U.S.C. § 1391(e)(1), which states, "a civil action in which a defendant is an officer or employee of the United States or an agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. *See* 28 U.S.C. § 1391(e)(1).

9. Here, venue is proper in the District Court for the District of Maryland pursuant to 28 U.S.C. § 1391(e)(1)(c), because this is an action against officers and agencies of the United States in their official capacities, brought in the district court where the Plaintiff resides, and no real property is involved. Plaintiffs reside at 13300 Keener Road, Hagerstown, Maryland, 21742.

### III.  PARTIES

10. Plaintiff A, Adil Nikhil Patek, is a resident of Maryland. His address is 13300 Keener Road, Hagerstown, Maryland, 21742. Plaintiff A filed an I-130, Petition for Alien Relative, for

his father, Plaintiff B, on July 24, 2024 and has not heard from Defendants regarding the Petition since that date.

11. Plaintiff B, Nikhil Babubhai Patel, is a resident of Maryland. His address is 13300 Keener Road, Hagerstown, Maryland, 21742. Plaintiff B filed an I-130 Petition on behalf of his husband. The petition remains pending as of July 24, 2024. Plaintiff falls within the "zone of interest" as described in *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir. 1992) as his interests are the interests being protected by the petitions that have been filed. The purpose of I-130, Petition for Alien Relative, is to prevent family separation and allow for family members to petition for their family members.

12. Defendant, Shapel K. Leet, is sued in his official capacity as the Baltimore District Director of U.S. Citizenship and Immigration Services. As District Director, he is designated by the Secretary of Homeland Security to administer and enforce the immigration laws within Maryland. One of the duties of USCIS is to determine eligibility for adjustment of status to lawful permanent resident. He maintains this office at 3701 Koppers Street, Baltimore, Maryland 21227.

13. Defendant, Jospeh B. Edlow, is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services, a component agency within the U.S. Department of Homeland Security. He is charged with administering the services and benefits functions of the immigration laws of the United States. His Address is 20 Massachusetts Avenue NW, Washington DC 20529.

14. Defendant, Kristi Noem, is sued in her official capacity as the Secretary of the Department of Homeland Security (DHS). In this capacity, she is responsible for the administration and enforcement of the immigration and naturalization laws. 8 U.S.C. § 1103(a). Her address

is U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave., SE Washington, DC 20528.

## IV.    LEGAL BACKGROUND

15. The Immigration and Nationality Act ("INA") provides, in general, for the admission, expulsion, regulation and naturalization of noncitizens. 8 U.S.C. § 1101 et seq.

16. Title VIII § 205.1 allows for immediate relatives to file for their alien family members. Specifically:

> A citizen or lawful permanent resident of the United States petitioning under section 204(a)(1)(A)(i) or 204(a)(1)(B)(i) of the Act for qualifying relative's classification as an immediate relative under section 201(b) or the Act or as a preference immigrant under section 203(a) of the Act must file Form I-130, Petition for Alien Relative.

17. Immediate relatives, for which an immigrant visa (a.k.a. Lawful Permanent Resident card) is immediately available are children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age. 8 U.S.C. § 1151(b)(2)(A)(i).

18. If USCIS fails to make a determination within a reasonable amount of time after the application was filed, the applicant is entitled to action on this long-pending application and the Court has power under 5 U.S.C. § 706(1) to compel USCIS to take action. 5 U.S.C. § 706(1) (conferring power to the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonable delayed.").

## FACTS

19. Plaintiff A is a citizen of the United States, born on August 11, 2002.

20. Plaintiff B is a citizen of India, born on March 29, 1978.

21. Plaintiff B entered the United States on July 18, 2000 on an F-1 nonimmigrant visa.

22. Plaintiff A properly filed an I-130, Petition for Alien Relative, on July 24, 2024. This receipt number is IOE9461459816.

23. On the same day, Plaintiff A filed an I-130, Petition for Alien Relative, for his mother. This was approved on September 17, 2025. The receipt number is IOE9419381887.

24. Plaintiffs have exhausted all administrative remedies and there are no further administrative acts which Plaintiffs can take to obtain benefits to which they are entitled.

25. USCIS's Historical National Median Processing Time for All USCIS Offices for Select Forms by Fiscal Year indicates that family-based adjustment of status applications were processed in 14.4 months for fiscal year 2025 and 11.7 years for fiscal year 2024.[1]

26. It has been over nineteen months since Plaintiffs filed their applications and 5 months since the petition for Plaintiff A's mother was approved. However, regarding his father, Plaintiff A has yet to receive a final adjudication of their petition.

27. Defendants have unreasonably delayed and refused to adjudicate Plaintiff's petition for more than nineteen, thereby depriving Plaintiff of his right to a decision on his immigration status to which he is entitled under INA § 209, 8 U.S.C. § 1159.

28. Defendants owe Plaintiffs a duty to adjudicate the petition and have unreasonably failed to perform that duty. Plaintiff has no alternative means to obtain adjudication of the petition and their right to issuance of the writ of mandamus is clear and indisputable.

29. Plaintiffs have already waited more than nineteen months for a decision on their pending petition, well beyond the agency's own published historical median processing timeframe for such applications. This is an unacceptable and unreasonable delay.

---

[1] *See* U.S. Citizenship and Immigration Services, *Historical National Median Processing Time (in Months) for All USCIS Offices for Select Forms by Fiscal Year* (last accessed March 3, 2025).

30. The Defendants have unreasonably failed to carry out the adjudicative and administrative functions delegated to them by law, causing ongoing harm and prejudice to Plaintiffs.

31. More than nineteen months have elapsed since Plaintiffs filed their petition.

## V.    DAMAGES

32. Plaintiff B has been damaged by Defendant's unreasonable delay as he is experiencing emotional distress because of the lack of certainty about his future. He is not protected from being removed from the United States based on a pending I-130 Petition. This fear affects his daily life and his future with his family as it prevents them from making financial and family plans for their future. Finality in the application would allow Plaintiff B and his family plan for their future.

33. Plaintiff A is also harmed by Plaintiff B's delay in the application. He experiences emotional distress at the thought of his father being removed from the United States.

## VI.    CLAIMS

34. The allegations contained in paragraphs 1 through 9 and 15 through 33 above are repeated and realleged as though fully set forth herein.

35. Defendants' failure to make a decision on Plaintiffs' I-130 petition is a violation of the statutory duty under 5 U.S.C. § 555(b), which requires a final decision to be made within a reasonable time after the petition is filed.

36. Plaintiffs are entitled to action on this pending petition and an unreasonable amount of time has passed since the petition was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiffs.

## VII.   PRAYER

**WHEREFORE**, Plaintiff prays that this Court:

1. Compel the Defendants to take all appropriate action to adjudicate the I-130 petition without further delay; and

2. Grant such other and further relief as this Court deems proper.

Respectfully Submitted,

Emily Leffler, Esq.
Griffith Immigration Law
300 East Lombard Street, Suite 1030
Baltimore, Maryland 21201
Tel.: (410) 244-5005
*Attorney for the Plaintiffs*

8

## CERTIFICATE OF SERVICE

I, Emily Leffler, hereby certify that on this  $3rd$  day of  March  , 2026, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys on record registered with the CM/ECF system. All other parties shall be served in accordance with the Federal Rules of Civil Procedure.

Shapel K. Leet, District Director
Baltimore Field Office
3701 Koppers Street,
Halethorpe, MD 21227

Joseph B. Edlow, Director
U.S. Citizenship and Immigration Services
20 Massachusetts Avenue NW
Washington D.C. 20529

Kelly O. Hayes c/o:
U.S. Attorney's Office District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

Pamela Bondi c/o:
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Kristi Noem c/o:
Office of General Counsel
2707 Martin Luther King Jr., Ave., SE
Washington, DC 20528-0485

Emily Leffler, Esq.

3/3/2026

Date